Filing # 71371307 E-Filed 04/27/2018 04:34:35 PM

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA
CIVIL DIVISION

DANIEL J. O'FRIEL and
ESTHER R. O'FRIEL,

      Plaintiffs,                               CASE NO.:

v.                                                 DIVISION:

NEW PENN FINANCIAL, LLC d/b/a
SHELLPOINT MORTGAGE SERVICES,      JURY TRIAL DEMANDED
a limited liability company,

                                                       CLASS REPRESENTATION
      Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiffs, Daniel J. O'Friel and Esther R. O'Friel hereby file this Class Action Complaint against Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Services, LLC, and states as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs defaulted on a mortgage debt that was being serviced by Defendant. Plaintiffs filed for bankruptcy and listed the debt alleged to be owed in their bankruptcy.

2. Defendant had actual knowledge that Plaintiffs filed for bankruptcy and received a discharge of the debt. Nevertheless, Defendant continued attempting to collect the debt and demanded payment from Plaintiffs.

3. Plaintiffs seeks damages, costs and attorney's fees from Defendant for the above violations.

1

## JURISDICTION AND VENUE

4. This is an action for damages exceeding $15,000.00, exclusive of interest, attorney's fees and court costs.

5. Pursuant to Fla. Stat. § 26.012, and other applicable law, this Court has jurisdiction over each cause of action set forth herein.

6. Venue is proper in this district because Plaintiffs suffered the injuries in Sarasota County, Florida.

## PARTIES

7. Plaintiffs Daniel J. O'Friel and Esther R. O'Friel are natural persons who reside in Sarasota County, Florida. Plaintiffs are "consumers" as that term is defined by Fla. Stat. § 559.55(2).

8. Defendant, New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing, LLC, is incorporated in Delaware, does business in the State of Florida, is a "creditor" as that term is defined by Fla. Stat. § 559.55(5), and is a "debt collector" as that term is defined by Fla. Stat. § 559.55(7). Further, Defendant is a "person" under Fla. Stat. §559.72.

9. All conduct alleged herein by Plaintiffs was authorized, approved and/or ratified by one or more officers, directors, or managers of the Defendant.

10. The Defendant's communications set forth below are wholly without excuse.

11. At all times mentioned herein, the agent(s) or employee(s) of Defendant were acting within the course and scope of such agency or employment and were acting with the consent, permission, and authorization of Defendant.

## CLASS REPRESENTATION ALLEGATIONS

12. Plaintiffs bring this action as a class action, pursuant to Florida Rule of Civil Procedure 1.220, on their own behalf and on behalf of all other similarly-situated consumers in the State of Florida who: filed for bankruptcy, surrendered their homes in the bankruptcy proceedings, obtained a discharge of their mortgage debts, and after they received the discharge, received communications, including billing statements, related to the discharged mortgage debts from or on behalf of Defendant on or after April 1, 2013 (the "Bankruptcy Class").

13. Further, Plaintiffs also bring this action as a class action, pursuant to Florida Rule of Civil Procedure 1.220, on their own behalf and on behalf of all other similarly-situated consumers in the State of Florida who: -received any telephone call from Defendant to their cellular telephone made through the use of any automatic telephone dialing system or an artificial prerecorded voice, within four years of the filing of this Complaint (the "TCPA Class"). Plaintiffs also represents, and is a member of a subclass (the "Revocation Subclass") (collectively with the TCPA Class, the "Class") consisting of all individuals in the State of Florida who, within four years of the filing of this Complaint, received any telephone call from Defendant to their cellular telephone made through the use of any automatic telephone dialing system or an artificial prerecorded voice, and who had previously revoked consent to receive such cellular telephone calls in any reasonable manner.

*Numerosity*

14. The class is so numerous that joinder of all members is impracticable. While the exact class size is unknown, Plaintiffs estimate the Class could have approximately 1,000 members or more.

*Commonality*

15. There are questions of law and fact that are common to the Class and which predominate over questions affecting any individual Class member. Specifically, these common questions of law and fact include, without limitation: (1) whether Defendant violated the FCCPA, Fla. Stat. § 559.72(7) and (9); and (2) whether Defendant violated the TCPA. Also, all of the Class members reside in Florida, and received the same or substantially similar communications from Defendant as described below.

*Typicality*

16. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs have no interest adverse or antagonistic to the interests of other members of the Class.

**Adequacy of Class Representation**

17. Plaintiffs will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

**Predominance of Common Questions**

18. The common questions set forth in Paragraphs 12 and 13 predominate over any individual issues.

*Superiority of Class Resolution*

19. A class action is superior to other methods for the fair and efficient adjudication of the claims asserted herein. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of the class action.

20. A class action will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

21. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for Defendant's conduct.

22. Absent a class action, the Class members will continue to have their rights violated and will continue to suffer monetary damages.

23. Defendant's actions are generally applicable to the entire Class and accordingly, the relief sought is appropriate with respect to the entire Class.

**FACTUAL ALLEGATIONS**

24. Plaintiffs defaulted on the mortgage payment for their home located in North Port, Florida (the "Alleged Debt"). The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

25. Plaintiffs filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Florida on October 31, 2007. Case No.: 8:07-bk-10445-MGW (Bankr. M.D. Fla.), Doc.1.

26. Plaintiffs surrendered and vacated any interest they had in the Property as part of their bankruptcy approximately in November 2007. The bankruptcy court entered a discharge as to the Alleged Debt on February 8, 2008. Case No.: 8:07-bk-10445-MGW, Doc. 13.

27. Defendant was made aware of Plaintiffs' bankruptcy. During one phone call a Shellpoint Mortgage Servicing customer service representative acknowledged Plaintiffs' bankruptcy, but proceeded to ask for payment anyway. Defendant therefore had actual knowledge of Plaintiffs' bankruptcy discharge. However, Defendant continued communicating with Plaintiffs directly in attempts to collect the Alleged Debt.

28. Defendant sent Plaintiffs collection letters and, when Plaintiffs did not respond, Defendant improperly mailed Plaintiffs' neighbors in attempts to collect money from Plaintiffs.

29. Beginning on April 7, 2017, Defendant began calling Plaintiffs two days every week and up to two times each of those days.

30. Plaintiffs told Defendant to stop calling and that they could not pay. Defendant continued to call Plaintiffs.

31. After Plaintiffs told Defendant to stop calling, Defendant nevertheless left pre-recorded messages on Plaintiffs' cell phones in attempts to collect on the Alleged Debt. Such prerecorded messages demonstrate that Defendant was calling Plaintiffs using an automated telephone dialing system.

32. On May 18, 2017, Defendant sent Plaintiffs a "Notice of Default and Intent to Accelerate" which stated that Plaintiffs "must pay to bring the Loan current after 05/18/2017. This Notice of Default and Intent to Accelerate is attached as **Exhibit A**.

33. On June 5, 2017, Defendant sent Plaintiffs a letter stating that Defendant "attempted to contact [Plaintiffs] by phone." The June 5, 2017 letter is attached as **Exhibit B**.

34. On December 1, 2017, Defendant sent Plaintiffs a letter stating "[Defendant] did not have evidence that [Plaintiffs] had hazard insurance on the [North Port, Florida] property, [Defendant] bought insurance on [Plaintiffs'] property and added the cost to [Plaintiffs'] mortgage loan account." The December 1, 2017 letter also lists an annual premium for $1,409.76. A copy of the December 1, 2017 letter is attached as **Exhibit C**.

35. By sending letters and calling Plaintiffs while knowing Plaintiffs had already received a bankruptcy discharge as to any obligations owed on the Property, Defendant violated the FCCPA and TCPA.

36. All conditions precedent to this action have occurred, have been satisfied or have been waived.

## COUNT I

### VIOLATION OF THE FCCPA § 559.72(7) BY DEFENDANT

37. This is an action against Defendant for violation of Fla. Stat. § 559.55(7).

38. Plaintiffs re-allege and incorporate paragraphs 1 through 36, as fully set forth herein.

39. Defendant communicated certain information to Plaintiffs as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

40. Fla. Stat. § 559.72(7) provides, in pertinent part:

> In collecting consumer debts, no person shall…[w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

41. Through the conduct described above, Defendant violated Fla. Stat. § 559.72(7), by among other things, continuing communication in an attempt to collect the Alleged Debt after the Alleged Debt was discharged by bankruptcy in a way that was both harassing as well as an attempt to collect a debt not owed by Plaintiffs.

42. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

43. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and reasonable attorney's fees and costs.

44. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiffs are entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly-situated, respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiffs actual damages, statutory damages, attorneys' fees

and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE FCCPA § 559.72(9) BY DEFENDANT

45. This is an action against Defendant for violation of Fla. Stat. § 559.55(9).

46. Plaintiffs re-allege and incorporate paragraphs 1 through 36, as fully set forth herein.

47. Defendant communicated certain information to Plaintiffs as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

48. Fla. Stat. § 559.72(9) provides, in pertinent part: "In collecting consumer debts, no person shall…[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

49. Through the conduct described above, Defendant violated Fla. Stat. § 559.72(9), by among other things, continuing communication in an attempt to collect the Alleged Debt after the Alleged Debt was discharged by bankruptcy and thus not owed by Plaintiffs.

50. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

51. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and reasonable attorney's fees and costs.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly-situated, respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiffs actual damages, statutory damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE TCPA BY DEFENDANT

53. This is an action against Defendant for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

54. Plaintiffs re-allege and reincorporate paragraphs 1 through 36, as if fully set forth herein.

55. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

56. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice –

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

57. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed calls to Plaintiffs' cell phone using an automatic telephone dialing system without Plaintiffs' express consent.

10

58. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiffs' cell phone utilizing an automatic telephone dialing system after Plaintiffs told Defendant that Defendant did not have permission to call Plaintiffs' cell phone.

59. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

60. As a result of the above violation of the TCPA, Defendant is liable to Plaintiffs for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

61. Based upon the willful, knowing, and intentional conduct of the Defendant as described above, Plaintiffs are also entitled to an increase in the amount of the award to treble the damages, in accordance with 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiffs actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiffs any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs are entitled to and hereby respectfully demands a trial by jury. Fla. R. Civ. Pro. 1.430 and U.S. Const. Amend. 7.

Dated: April 27, 2018

**KYNES, MARKMAN & FELMAN, P.A.**
P.O. Box 3396
Tampa, Florida 33601
Phone: (813) 229-1118
Fax: (813) 221-6750


/s/ Katherine Earle Yanes
_____
**KATHERINE EARLE YANES, ESQ.**
Florida Bar. No. 658464
e-mail: kyanes@kmf-law.com

Respectfully Submitted,

**DUNLAP, BENNETT & LUDWIG PLLC**
612 W. Bay Street
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832


/s/ Gus M. Centrone
_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@dbllawyers.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@dbllawyers.com
**Attorneys for Plaintiffs**

12

# EXHIBIT A

```
P.O. BOX 51850
LIVONIA MI 48151-5850
RETURN SERVICE REQUESTED
```

ATTN: ALGX 

**Shellpoint** 
Mortgage Servicing

Phone Number: 866-825-2174
Fax: 866-467-1187
Email: Lossmitigation@shellpointmtg.com
Mon - Thurs: 8:00AM-6:00PM
Fri: 8:00AM-5:00PM

```
S-SPRE0920 L-1160 R-106
P6YW7000209194-517808880100734
DANIEL O'FRIEL
2221 PARK LAKE POINT
VENICE FL 34293-3826
```

05/18/2017

## NOTICE OF DEFAULT AND INTENT TO ACCELERATE

RE:  Deed of Trust/Mortgage Dated: 03/23/2007
    Loan #: 0578164300
    Property: 8630 Aero Ave
    North Port, FL 34287

Dear Mortgagor:

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

Shellpoint Mortgage Servicing ("Shellpoint"), acting as servicer on behalf of MTGLQ Investors, L.P., the owner and holder of the above referenced loan (the "Loan"), and in accordance with the above referenced Deed of Trust/Mortgage ("Security Instrument") the related promissory note (the "Note"), and applicable state laws, provides you with formal notice of the following:

The loan associated with the referenced Deed of Trust/Mortgage is in default for failure to pay amounts due.

To cure this default, you must pay all amounts due under the terms of the Note and Security Instrument.

As of 05/18/2017, the total amount necessary to bring the Loan current is $61,346.76 (the "Amount Due"). For the exact amount you must pay to bring the Loan current after 05/18/2017, please contact our office at 866-825-2174 as interest, payments, credits, fees and/or other permissible charges can continue to cause your loan balance to vary from day to day.

Payment to bring your loan current should be sent to
    Shellpoint Mortgage Servicing
    P.O. Box 740039
    Cincinnati, OH 45274-0039

You are further informed that despite any departure from the terms of your loan that may have occurred, from this point forward strict compliance with the exact terms of the loan will be required.

If you have not cured the default within forty-five days (45) days of this notice, Shellpoint intends to accelerate the sums evidenced by the Note and Security instruments and declare same due and payable in full and to take other legally and contractually permitted action to collect the same, including foreclosure of the lien on the Property and sale of the Property. If such date falls on a Saturday, Sunday or legal holiday then the Due Date shall be the next business day. Any partial payment received by our office on the Loan after the date of this letter may not be applied to the reduction of the Amount Due and may be returned however any such acceptance does not waive the right to proceed with foreclosure and a new demand letter may not be sent

**SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.**

# EXHIBIT B

P.O. BOX 51850
LIVONIA MI 48151-5850
RETURN SERVICE REQUESTED

ATTN: ALEX

**Shellpoint**
Mortgage Servicing

Phone Number: 866-825-2174
Fax: 866-467-1187
Email: Lossmitigation@shellpointmtg.com
Mon – Thurs: 8:00AM-6:00PM
Fri: 8:00AM-5:00PM

S-SFREC520 L-1237 R-106
P7028J00200417 - 518787444 I01666
ESTHER R O'FRIEL
DANIEL O'FRIEL
2221 PARK LAKE POINT
VENICE FL 34293-3826

| Loan Number: | 0578164300 |
|---|---|
| Principal Balance: | $89,535.85 |
| Property: | 8630 Aero Ave North Port, FL 34287 |

06/05/2017

Dear Borrowers,

We have made several attempts to contact you by phone. However, we have been unsuccessful as it appears that you may have changed your home and/or work numbers.

It is extremely important that you contact our office to let us know what your intentions with the property are.

Your utmost cooperation is extremely important and is required in order to update your account. Please contact us today. Our toll free number is 866-825-2174, we are available Monday through Friday between the hours of 8:00AM-6:00PM EST.

Sincerely,

Shellpoint Mortgage Servicing

SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.

# EXHIBIT C


**Shellpoint**
Mortgage Servicing
PO Box 7050 Troy MI 48007-7050

December 1, 2017

Esther R O'Friel
Daniel O'Friel
2221 Park Lake Point
Venice, FL 34293

ATTN KELLEY O'CONNELL

Subject: Please update insurance information for:
Property Address: 8630 AERO AVE
NORTH PORT, FL 34287 0000
Loan Number: 0578164300

Dear Esther R O'Friel Daniel O'Friel:

Because we did not have evidence that you had hazard insurance on the property listed above, we bought insurance on your property and added the cost to your mortgage loan account.

The policy that we bought has expired. Because hazard insurance is required on your property, we intend to maintain insurance on your property by renewing or replacing the insurance we bought.

The insurance we buy:

- Will cost an estimated $1,409.76 annually, which may be significantly more expensive than insurance you can buy yourself.
- May not provide as much coverage as an insurance policy you buy yourself.

If you buy hazard insurance, you should immediately provide us with your insurance information.

We urge you to contact your insurance agent or company and have them provide us with current evidence of hazard insurance for your property referenced above in the form of your current insurance policy declarations page. This information must be provided in writing and can be faxed to our Insurance Department at (248) 878-2370 or provided by email to insdocs@shellpointmtg.com. TTY Service is available by contacting 711. You may also submit your insurance policy online at http://www.ExpressInsuranceInfo.com/2919836, or mail it to the following address:

Shellpoint Mortgage Servicing
ISAOA / ATIMA
PO Box 7050
Troy, MI 48007-7050

RENEW – 03/06/2017   TTY Service is available by contacting 711   v.01/01/2017

0029983000007817834000000004   00000   00007

*ATTN KELLEY O'CONNELL*

**LENDER-PLACED INSURANCE**
**EVIDENCE OF HAZARD INSURANCE**

| | |
|---|---|
| MASTER POLICY NO.: | 42PFP257577-01 |
| POLICY TRACKING ID: | PFI6376056 |
| NAMED INSURED: | SHELLPOINT MORTGAGE SERVICING |
| ADDRESS: | 75 Beattie Place, Suite 300<br>Greenville, SC  29601-0000 |
| LOAN NUMBER: | 0578164300 |
| LOCATION OF PROPERTY INSURED: | 8630 AERO AVE<br>NORTH PORT, FL  34287 |
| INSURED AMOUNT: | $ 85,800.00 |
| EFFECTIVE DATE:<br>OR UNTIL CANCELLED | FROM:    12/01/2017   TO:  12/01/2018 |
| ANNUAL PREMIUM:<br>(This is not an invoice.) | $1,409.76<br>(Including applicable taxes and fees) |

The insurance coverage procured through the master policy(ies) referenced above has been requested by the Named Insured. The master policy(ies) has been issued by National Fire & Marine Ins Co in respect of coverage and limits ordered by the Named Insured. All coverage is subject to the terms, conditions and exclusions expressed in the policy(ies) and is subject to a deductible as defined by the policy(ies).

The Evidence of Insurance is issued as a matter of information only and confers no rights upon the document holder. This document does not amend, extend or alter the coverage, terms, exclusions, conditions or other provisions afforded by the policy(ies) referenced herein.

THIS DOCUMENT IS ISSUED AS EVIDENCE OF INSURANCE ONLY. IT DOES NOT CONSTITUTE A LEGAL CONTRACT OF INSURANCE.

002998630000976170340000001   00006                                                              00007